IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


F. MICHAEL HART, ESQ., Guardian
ad Litem for JOSE JARAMILLO,
an incapacitated person,

       Plaintiff,

v.                                                  CV 11-0267 MCA/WPL

CORRECTIONS CORPORATION
OF AMERICA, et al.,

       Defendants.

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL

Plaintiff F. Michael Hart, acting as *Guardian ad Litem* for Jose Jaramillo, brought this lawsuit after Jaramillo contracted pneumococcal meningitis while incarcerated at Cibola County Correctional Center. (Doc. 1 Ex. 1.) Jaramillo was rendered incapacitated as a result of his illness. (*Id*.) Before me today is Hart's motion to compel Defendant Correction Corporation of America ("CCA") to respond to Plaintiff's First Set of Interrogatories and Requests for Production ("RFPs"). (Doc. 78; Doc. 79.) CCA objected to the discovery requests and filed a response in opposition to the motion. (Doc. 82) Hart filed a timely reply. (Doc. 85.) Having carefully reviewed the facts and the relevant law, I grant in part and deny in part the motion to compel.

### LEGAL STANDARDS

The Federal Rules of Civil Procedure permit discovery "regarding any matter . . . that is relevant to the claim or defense of any party," including discovery of any information that

"appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). The court construes the relevancy requirement broadly, and a discovery request should be considered relevant if there is any possibility that the sought-after information may relate to the subject matter of the lawsuit. *Midwest Grain Prods. v. Envirofuels Mktg.*, No: 95-2355-EEO, 1996 U.S. Dist. LEXIS 10057, at *9 (D. Kan. July 11, 1996). However, a court must limit the discovery permitted if "the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(2)(C)(iii).

Interrogatories are permitted on any matter within the scope of Rule 26(b). FED. R. CIV. P. 33(a)(2). A party responding to an interrogatory must answer it "with whatever information" he or she has. *Dean v. New Werner Holding Co.*, No. 07-2534-JAR-GLR, 2008 U.S. Dist. LEXIS 49519, at *8 (D. Kan. June 26, 2008). If the party does not have the information readily available, it cannot simply avoid discovery; the responding party must use reasonable efforts to collect the information in order to answer the interrogatory. *Id.* at *8-9.

If a party objects to the request, the objection must be made with specificity. *Flying J Inc. v. TA Operating Corp.*, No. 1:06-CV-30 TC, 2007 U.S. Dist. LEXIS 55574, at *6-7 (D. Utah July 30, 2007). The objecting party "has the burden 'to clarify and explain precisely why its objections are proper given the broad and liberal construction of the discovery rules.'" *Id.* (quoting *Obiajulu v. City of Rochester*, 166 F.R.D. 293, 295 (W.D.N.Y 1996)). General, conclusory allegations that a request or interrogatory is irrelevant, immaterial, unduly burdensome, or overly broad are unacceptable, and the responding party must demonstrate specifically how that request falls within the enumerated categories. *Id.*

A party may use RFPs to seek items in the "possession, custody, or control" of a party. FED. R. CIV. P. 34(a)(1). The responding party is required to furnish any responsive information

that is available "through reasonable efforts." *Dean*, 2008 U.S. Dist. LEXIS 49519, at *8-9 (quotation omitted). If a party "has the legal right to obtain documents on demand," then those documents are considered within the party's control for the purposes of Rule 34. *Hamstein Cumberland Music Grp. v. Estate of Williams*, No. 06-CV-63-GKF-PJC, 2008 U.S. Dist. LEXIS 49589, at *9 (N.D. Okla. June 30, 2008) (quoting *Resolution Trust Corp. v. Deloitte & Touche*, 145 F.R.D. 108, 110 (D. Colo. 1992)); *see also Starlight Int'l, Inc. v. Herlihy*, 186 F.R.D. 626, 635 (D. Kan. 1999).) As a matter of logic, a party is under no obligation to produce a document that it neither possesses nor has a legal right to obtain.

## DISCUSSION

Hart moves the Court to compel CCA to respond to Interrogatories Nos. 3 and 4 and RFP Nos. 2 and 6. (Doc. 78; Doc. 79.) With the basic rules governing discovery in mind, I turn now to the individual objections.

### A. Interrogatory No. 3

CCA both objected to and partially answered Interrogatory No. 3, and Hart requests that I order CCA to provide a complete response. The interrogatory asks: "Please state the findings of any investigation regarding Jose Jaramillo-Frias' medical care from March, [sic] 2007 through May 22, 2008." (Doc. 78 Ex. 1 at 2.) CCA objected on multiple grounds: (1) the interrogatory "is not limited in time related to when an 'investigation' may have been completed"; (2) the interrogatory seeks information protected by work-product and attorney-client privilege; (3) the term "investigation" is vague and ambiguous; and (4) the interrogatory seeks privileged information pertaining to healthcare provider review of medical care. (Doc. 78 Ex. 1 at 2.) Despite its objections, CCA provided a limited response. It interpreted "investigation" to mean a mortality review and responded that that no such review was performed. (Doc. 78 Ex. 1 at 3.) In

its response brief, CCA claims that there is no non-privileged information to compel (Doc. 82 at 4), but CCA did not provide Hart with a privilege log (Doc. 85 at 3).

CCA's response to Interrogatory No. 3 raises a procedural issue. When an objection is based on privilege, the objecting party must justify its objection; a mere assertion that a document is privileged is not enough to sustain an objection. *See* FED. R. CIV. P. 26(b)(5); *Carrel v. Davis*, No. 10-4124-RDR, 2011 U.S. Dist. LEXIS 85012, at *7 (D. Kan. Aug. 1, 2011). The objecting party must "describe in detail the documents or information to be protected and must provide precise reasons for the objection to discovery," typically in the form of a privilege log. *Carrel*, 2011 U.S. Dist. LEXIS 85012 at *7. When a party claims privilege but does not provide a privilege log, it is impossible for the court to rule on the merits of a privilege objection. Thus, blanket objections on the grounds of privilege are improper and constitute a waiver of the objection. *Eureka Fin. Corp. v. Hartford Acci. & Indem. Co.*, 136 F.R.D. 179, 181-184 (E.D. Cal. 1991).

Here, CCA's objection is incomplete because it has asserted that any investigations would be protected by attorney-client privilege and/or the work product doctrine, but it did not provide a privilege log. CCA also proceeded to narrowly interpret the term "investigation" to only include mortality reviews and then stated that no such investigations had occurred. (Doc. 78 ex. 1 at 4.) CCA's failure to produce the privilege log waived their objection to the question. However, Hart raised the absence of a privilege log for first time in his reply brief. (Doc. 85 at 3-4.) It would be fundamentally unfair for me to interpret the absence of a log as a waiver of the objection and order CCA to produce potentially privileged information when the matter was raised for the first time in a reply brief. Thus, I will not consider the objection waived, but CCA must produce a privilege log.

Turning to CCA's other objections, I do not believe that the term "investigation" is ambiguous. While a mortality review would be a form of investigation, CCA's limited interpretation of the term is unreasonable. Hart's defined time period is not overly broad because it is limited to the time Jaramillo was in CCA's medical care. (Doc. 82 at 4 (stating that Jaramillo was transported to another facility on May 22, 2008).) If no investigation was done in that period, then the response should be relatively straightforward. Accordingly, I order CCA to provide a complete answer to Interrogatory No. 3 within twenty-one days from the entry of this order. If the investigations are privileged, then CCA must produce a privilege log. Hart will be granted seven days from service of the privilege log to file any objections to the log with the Court, should he have any.

### B. Interrogatory No. 4

This interrogatory asks:

> As to any litigation initiated against [CCA] alleging any violation of the standard of care for a patient for the past ten years: (a) give the caption, date of filing, and the name of the Court where the action was filed; (b) attach a copy of the complaint filed in each such situation; (c) give the name and address of the attorney for the plaintiff in each such action; (d) state the disposition of each such case, including whether the case was settled, dismissed without settlement, or proceeded to judgment, and if judgment was entered, state in whose favor and in what amount.

(Doc. 78 Ex. 1 at 3.) CCA objects to the interrogatory, arguing that it is overly broad, unduly burdensome, and that the information is equally available to Hart. (Doc. 82 at 6-7.) Hart defends his interrogatory on the basis that he seeks information which might lead to evidence of instances of prior malpractice and argues that any prior litigation or prior claims would be relevant. (Doc. 79 at 3-4; Doc. 85 at 5.)

CCA correctly notes that "inmates and detainees tend to be litigious." (Doc. 82 at 7.) CCA operates over sixty facilities in sixteen states, and Hart has asked for information

5

concerning every lawsuit filed for the past ten years which raises a medical negligence claim. (Doc 83 at 7.) I would not be surprised if there were literally thousands of cases which met this description. Had the request been more narrowly tailored in both time and subject matter, it might be acceptable, but this interrogatory is overbroad and I will not compel CCA to respond.

### C. RFP No. 2

RFP No. 2 asks: "Please produce a copy of all written correspondence to and all responses from 'Diamond' that correspond to the request or orders of Vaccinations and medications, [sic] for the time period March 2007 through May 2008." (Doc. 78 Ex. 1 at 5.) Hart's legal arguments focus on CCA's failure to give Jaramillo a specific vaccination, and CCA has asserted a defense that the vaccine in question was not available due to a shortage. (Doc. 79 at 4.) This discovery request seeks information regarding orders for vaccinations, attempts to obtain vaccinations, and the pharmacy's response to those requests.

CCA objects to the interrogatory on the ground that it seeks "confidential information and/or documents related to non-parties who have not consented to the release of such information. Plaintiff's litigation does not involve the order of medications and the allegations are related only to the pneumococcal vaccination, not all vaccinations." (Doc. 78 Ex. 1 at 5.) CCA partially responded to the RFP by citing to its response to RFP No. 1, which provided redacted pharmacy invoices with medications for Jaramillo. (*Id.*)

This information is clearly relevant, and I do not believe that privacy is a suitable objection. CCA has provided redacted pharmacy invoices in the past, thus indicating that it is capable of preventing the disclosure of the private information of non-parties. Hart stated in his reply brief that redacted records are sufficient and that he has not requested disclosure of non-party private information. (Doc. 85 at 5.) I see no reason why CCA cannot redact identifiable

6

information of non-parties from these records, such that Hart may still ascertain when requests for vaccinations were made and whether they were responded to or filled by Diamond. Thus, I order CCA to produce these documents within twenty-one days from the entry of this order.

CCA also argues that, to the extent that the request asks for information about Diamonds' supply of vaccinations, CCA cannot provide that information since it is not in custody or control of such documents. I cannot compel CCA to produce documents that they do not have or maintain, so, to the extent that any of the requested information is in the exclusive control of Diamond, I will not compel CCA to obtain and produce it to Hart.

### D. RFP No. 6

Hart seeks the personnel files for twelve individuals in RFP No. 6. (Doc. 78 Ex. 1 at. 7.) CCA objected to the RFP on the grounds that the individuals are not parties to the action and are not referenced in the complaint, the request "potentially seeks confidential information," Hart has not made a negligent hiring allegation, and some of the named individuals provided mental health care, not medical care, so their files would be irrelevant. (Doc. 78 Ex. 1 at 6.)

In *Regan-Touhy v. Walgreen Co*., 526 F.3d 641, (10th Cir. 2008), this circuit considered the extent to which personnel files should be subject to discovery in civil litigation. Regan-Touhy sued Walgreens alleging that its employee, Kim Frazier, had disclosed to a third party that Regan-Touhy was taking prescription medication for a sexually transmitted disease. 526 F.3d at 644-46. Regan-Touhy served Walgreens with a request to produce Frazier's personnel file. *Id.* at 648. Walgreens objected to the request, and Regan-Touhy filed a motion to compel, arguing that the file might disclose whether Walgreens had previously disciplined Frazier for disclosing private information. *Id.* at 648. The Tenth Circuit upheld the district court's decision to deny the motion to compel, reasoning that "personnel files often contain sensitive personal information . .

. and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly." *Id*. The court further explained that "personnel files are not categorically out-of-bounds," and that narrowly tailored requests might be permissible in some situations. *Id.* at 650. However, Regan-Touhy's request for the entire file was impermissible. *Id.*

Hart's request is for the entire personnel file of twelve health workers, not all of whom are even CCA employees. (Doc. 82 at 11-12.) The request has not been narrowly tailored to seek out specific information regarding these individuals' care of and involvement with Jaramillo. While Hart has provided examples of the type of relevant documentation that might be contained in the files (Doc. 85 at 7), Hart has not limited the scope of his request. Furthermore, unlike in *Regan-Touhy* where the plaintiff sought the personnel file of an individual whose alleged actions made up the crux of her complaint against the defendant, CCA points out that none of these twelve individuals are even named in the complaint. (Doc. 78 Ex. 1 at 7.) Accordingly, I agree with CCA that these requests are overly broad and unduly burdensome, and I deny the motion to compel with respect to RFP No. 6.

### COSTS AND FEES

When the court grants a motion to compel or discovery is provided after the moving party files the motion, the court must award the moving party reasonable expenses, including attorney's fees. FED. R. CIV. P. 37(a)(5)(A). If the motion is denied, the court may require the moving party, his attorney, or both to pay the responding party. FED. R. CIV. P 37(a)(5)(B). If the motion is granted in part and denied in part, the court may exercise its discretion as to whether an award of fees is appropriate. FED. R. CIV. P. 37(a)(5)(C). Since I am granting in part and denying in part this motion, I may exercise my discretion as to whether to award fees, and I will not award fees at this time

## CONCLUSION

For the foregoing reasons, I grant in part and deny in part Hart's motion to compel. CCA must respond to Interrogatory No. 3 and RFP No. 2 consistent with the aforementioned instructions within twenty-one days from the entry of this order.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.