IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

F. MICHAEL HART, ESQ., *Guardian ad Litem* for JOSE JARAMILLO, an incapacitated person,

        Plaintiff,

v.                                              CV 11-0267 MCA/WPL

CORRECTIONS CORPORATION OF AMERICA, et al.,

        Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL**

Plaintiff F. Michael Hart, acting as *Guardian ad Litem* for Jose Jaramillo, brought this lawsuit after Jaramillo contracted pneumococcal meningitis while incarcerated at Cibola County Correctional Center ("CCCC"). (Doc. 1 Ex. 1.) Jaramillo was rendered incapacitated as a result of his illness. (*Id.*) Before me today is Hart's second motion to compel Defendant Correction Corporation of America ("CCA") to respond to Plaintiff's Fourth Request For Production ("RFPs"). (Doc. 98.) CCA objected to the RFPs and filed a response in opposition to the motion. (Doc. 107.) Hart filed a timely reply. (Doc. 113.) Having carefully reviewed the facts and the relevant law, I grant the motion to compel.

LEGAL STANDARDS

The Federal Rules of Civil Procedure permit discovery "regarding any matter . . . that is relevant to the claim or defense of any party," including discovery of any information that "appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). In defining what is discoverable, "a party should not be limited by its opponent's

1

theory of the case . . . . What is 'relevant to the claims or defenses depends on the circumstances of the pending action.'" *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1192 (10th Cir. 2009) (quoting FED. R. CIV. P. 26 advisory committee's note (2000)). However, a court must limit the discovery permitted if "the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(2)(C)(iii).

A party may use RFPs to seek items in the "possession, custody, or control" of a party. FED. R. CIV. P. 34(a)(1). The responding party is required to furnish any responsive information that is available "through reasonable efforts." *Dean v. New Werner Holding Co., Inc.*, No. 07-2534-JAR-GLR, 2008 U.S. Dist. LEXIS 49519, at *8-9 (D. Kan. June 26, 2008) (quotations omitted). If a party objects to the request, the objection must be made with specificity. *Flying J Inc. v. TA Operating Corp*., No. 1:06-CV-30 TC, 2007 U.S. Dist. LEXIS 55574, at *6-7 (D. Utah July 30, 2007). The objecting party "has the burden 'to clarify and explain precisely why its objections are proper given the broad and liberal construction of the discovery rules.'" *Id.* (quoting *Obiajulu v. City of Rochester*, 166 F.R.D. 293, 295 (W.D.N.Y 1996)).

## DISCUSSION

Hart moves the Court to compel CCA to respond to RFP Nos. 3 and 4. (Doc. 98 at 2.) RFP No. 3 requested copies of the Federal Bureau of Prison's ("BOP") audits of the CCCC from 2007 to 2012. (Doc. 91 Ex. 1 at 1.) RFP No. 4 asks CCA to produce "copies of all correspondence or documents sent to the Federal BOP and any of its divisions from CCA or anyone at CCCC regarding the audits, deficiencies found at audit or deficiencies found at any other time from 2007-2012 at CCCC." (Doc. 98 Ex. 1 at 5.) In response to both RFPs, CCA produced the records from 2007 to 2008 and objected to the RFPs as overly broad as to the time period. (*Id.* at 2, 5.) Hart agreed to limit the time period from 2007 to 2010, but CCA refused to

provide additional records on the ground that Jaramillo was not incarcerated in 2009 and 2010. (Doc. 98 Ex. 2; Doc. 98 Ex. 3).[1] While the requests ask for slightly different information, both parties agree that discoverability for both RFPs hinges on whether Hart is entitled to audit information for the two-year time period after Jaramillo was incarcerated at CCCC. (Doc. 98 at 3; Doc. 107 at1.)

Hart asserts that information from 2009 and 2010 is relevant because the audits and records will reveal "deficiencies in the way the medical care is delivered to the patients as well as whether the facility is following the policies and procedures of the BOP." (Doc 98 at 3.) Hart emphasizes that one of the core claims is that Defendants failed to vaccinate Jaramillo in accordance with the BOP guidelines, and audits would reveal whether there was a "pattern or practice, pre and post incident," of a failure to vaccinate. (*Id.*) Additionally, Hart argues "audits covering 2009-2010" can be used " to determine whether the known deficiencies from 2007-2008 were in fact corrected, continued, or exacerbated as well as new deficiencies related to chronic care patients and vaccinations occurred or whether in fact a change in practice was instituted." (Doc. 113 at 5.)

CCA objects that the request is overly broad and not likely to lead to the discovery of admissible evidence since audit information from 2009 and 2010 would not be related to the healthcare that Jaramillo received while he was incarcerated at CCCC. (Doc. 98 Ex. 1 at 2-3.) It focuses on the nature of Hart's claim, arguing that since Hart raises a negligence claim, any information after Hart left the facility would be irrelevant. (Doc. 107 at 3.) CCA also challenges Hart's assertion that the records might reveal a pattern or practice of deficiencies on the ground

---

[1] CCA also objected to the RFP on privilege grounds, arguing that the request "potentially seeks information that is privilege/immune peer review information pertaining to healthcare provided review of medical care" (Doc. 98 Ex. 1 at 3.) However, CCA's response brief clarifies that it is no longer relying on a privilege objection with respect to this RFP, and its only objection is to the relevancy of records that post-date Jaramillo's incarceration at CCCC. (Doc. 107 at 6 n.3.)

3

that this is not a 42 U.S.C. § 1983 claim, so Hart does not need to show that there was a pattern or practice to establish liability. (*Id*. at 7.)

The practices of CCA healthcare providers after Jaramillo left CCCC is not irrelevant. I am persuaded that information regarding continued deficiencies or an attempt to remedy deficiencies, while perhaps not admissible, is reasonably calculated to lead to discoverable information. Given the recent death of Defendant Rod Rushing, who was the Warden of CCCC for part of Jaramillo's incarceration, this audit information could be useful to obtain information that Hart no longer may obtain through a deposition. (Doc. 113 at 4.) Additionally, the audits are not voluminous and are in the custody of CCA (Doc. 98 at 3), so the production of these documents presents only a minimal burden. I order CCA to supplement its responses to RFP Nos. 3 and 4 with records from 2009 and 2010 **within fourteen days** from the entry of this order.

## COSTS AND FEES

When the court grants a motion to compel or discovery is provided after the moving party files the motion, the court must award the moving party reasonable expenses, including attorney's fees. FED. R. CIV. P. 37(a)(5)(A). However, the court need not order the payment of expenses when the opposing party's objections are "substantially justified." FED. R. CIV. P. 37(a)(5)(A)(ii). This dispute was not frivolous, and CCA's objections were certainly reasonable. While I ultimately found Hart's need for the documents more persuasive, I will not sanction CCA for their opposition. Accordingly, I will not award costs and fees to Hart at this time.

## CONCLUSION

For the foregoing reasons, I grant Hart's motion to compel and order CCA to supplement its responses to Hart's RFP Nos. 3 and 4.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge