IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

F. MICHAEL HART, ESQ., *Guardian ad Litem* for JOSE JARAMILLO, an incapacitated person,

        Plaintiff,

v.                                                                  No. 11-CV-00267 MCA/WPL

CORRECTIONS CORPORATION OF AMERICA, et al.,

        Defendants.

## ORDER DENYING PLAINTIFF'S
## MOTION TO EXTEND DISCOVERY DEADLINE

This matter is before me on Plaintiff F. Michael Hart's motion to extend the discovery deadline from April 25, 2013, to June 15, 2013. (Doc. 108.) Defendants Corrections Corporation of America, Cibola County Correctional Center, Walt Wells, and Roddie Rushing oppose this motion. (Doc. 110.) After having considered the facts and the relevant law, I deny Hart's motion to extend the discovery deadline for the seventh time.

### FACTUAL & PROCEDURAL BACKGROUND

This case was filed in state court on February 15, 2011, and removed to federal court on March 28, 2011. (Doc. 1.) I held an initial scheduling conference and issued a scheduling order on June 28, 2011, in which the deadline for the termination of discovery was December 30, 2011. (Doc. 19 at 1.) During a status conference two months after I issued my order, the parties made their first request for an extension of the discovery deadlines. (Doc. 30.) I granted their request and reset the deadline for March 1, 2012. (Doc. 33 at 1.) According to Defendants, the

extension was partially based on the need to obtain records from the Bureau of Prisons ("BOP") as well as other records from medical providers. (Doc. 110 at 2.)

Several months later, on December 23, 2011, Judge M. Christina Armijo extended the discovery deadline to June 1, 2012, in order to accommodate the parties' difficulty procuring records from the BOP. (Doc. 46.) In that order, the Court ordered the parties to submit monthly status reports regarding their progress. (*Id*. at 1.) In their first status report to the Court, the parties stated that the BOP had not produced the necessary medical records and that it would be hard for the parties to meet upcoming expert disclosure deadlines without those records. (Doc. 49 at 1-2.) They requested that the discovery deadline be further pushed back to July 1, 2012. (*Id*. at 2.) The next day, Judge Armijo granted the parties' request. (Doc. 50.)

On March 6, 2012, the parties submitted a second status report stating that Defendants had received the records from the BOP and had disclosed them to the Plaintiff, but Defendants had not received records from the Centers for Disease Control ("CDC"). (Doc. 54.) They asked that the deadlines be moved back by forty-five days (*id*. at 2), and I granted this request (Doc. 55).

By April 2012, the parties reported that they had received all the documents from the BOP, CDC, and several physicians (Doc. 59), so they were able to move forward with discovery. That month, Hart disclosed his experts (Doc. 57; Doc. 58), and in May, Defendants disclosed their experts (Doc. 62). At a status conference on May 22, 2012, the parties told the Court that discovery was proceeding smoothly. (Doc. 64.) On August 10, 2012, five days before the termination of discovery, the parties submitted another status report requesting a fourth extension of the discovery deadline due to the "voluminous medical records" and the need to take "multiple out of state depositions." (Doc. 80 at 1.) I granted this motion on August 13, 2012,

resetting the deadline for discovery to January 25, 2013. (Doc. 81.) Judge Armijo also reset the trial, scheduling it for October 7, 2013. (Doc. 84.)

On January 9, 2013, the parties made their sixth request for an extension of time to complete discovery. (Doc. 88.) Defendants were in favor of that motion for an extension of time because they had difficulty scheduling depositions of their own, despite the fact that they had been trying since July 2012 to set them. (Doc. 110 at 3.) Judge Armijo granted the motion for an extension of time and set the deadline for the termination of discovery for April 25, 2013. (Doc. 89.) This is the current discovery deadline. On April 5, 2013, Hart filed this opposed motion for an extension of time, making it the seventh request for an extension of the discovery deadline. (Doc. 108.) Because it is opposed and because the deadline for the termination of discovery is fast approaching, I ordered expedited briefing on the motion (Doc. 109), which the parties provided (Doc. 110; Doc. 114.).

## LEGAL STANDARDS

A court may modify a scheduling order upon a showing of "good cause." FED. R. CIV. P. 16(b)(4); D.N.M.LR-Civ. 16.1. "Demonstrating good cause under the rule 'requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay.'" *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (unpublished) (citations omitted). While there is no rigid requirement to which a trial court must adhere when deciding whether to grant a motion to reopen or extend discovery, courts in the Tenth Circuit have considered a combination of the following six factors in making a determination:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for

discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987) (citations omitted). Ultimately, the decision to grant or deny such motion is committed to the trial court's discretion. *Id.*

## DISCUSSION

Hart requests that the discovery deadline be moved back to June 15, 2013, so that he may depose Defendants' expert witnesses and complete depositions of fact witnesses. (Doc. 108 at 2.) He asserts that the parties have been diligent in discovery but explains that because plaintiff's counsel must be in trial on April 22, 2013, he has simply run out of days to take these depositions. (Doc. 108 at 2.) He also states that defense counsel provided a "very short span of dates" to take depositions and that has impacted his ability to get depositions done. (*Id.*)

Defendants oppose this motion on the grounds that Hart has neither demonstrated good cause for another extension nor has he been diligent trying to obtain discovery. (Doc. 110 at 4-5.) Defendants correctly point out that Hart's motion does not detail whom he wishes to depose let alone why the discovery is important, thus failing to demonstrate good cause. (*Id.* at 5.) Hart's reply brief addressed this point by detailing each category of discovery that he seeks. (Doc. 114 at 1-5.) The desired discovery includes: (1) a limited inspection of the correctional facility; (2) audit documents;[1] (3) depositions of Heath Service Administrators Bruce Campbell and Pamela Riley; (4) depositions of Defendants' expert witnesses, Dr. Thomas and Dr. Pandya; and (5) a Rule 30(b)(6) deposition of an individual with the most knowledge on the creation, implementation, training on, and enforcement of the policies, rules, protocols and algorithims for the medical care of inmates. (Doc. 114 at 1-5.) Based on Hart's reply, it is clear that there is a great deal of discovery left to conduct and that this information is not trivial to Hart's case.

---

[1] This matter was resolved in my order granting Hart's motion to compel. (Doc. 116.)

Hart subtly attempts to cast blame on defense counsel for his inability to schedule depositions prior to the April 25 deadline by stating that defense counsel provided "a very short span of dates" in which to set the necessary depositions. (Doc. 108 at 2.) However, when I consider the timing of the discovery requests, it is clear that Hart is far from blameless. Apparently, Hart waited until March 11, 2013, a month and a half before the close of discovery, to schedule the depositions. (Doc. 110 at 6.) There is nothing in the record or in Hart's briefs to suggest that he only became aware of the need for these discovery requests in March, either.

Beginning with the request for a limited inspection (Doc. 114 at 1-2), this inspection could have been done at any time since discovery began, and Hart offers no reason why this inspection has not yet been performed.

Turning to Hart's requested depositions, it also appears that these could have been taken long ago. Defendants listed Campbell and Riley as potential witnesses in the June 22, 2011, Joint Status Report. (Doc. 17 at 10-11.) This means Hart has been aware of these potential witnesses for almost two years; yet, Hart offers no explanation as to why he waited until March 2012 to schedule their depositions. In fact, it does not appear as if Hart has ever tried to take Campbell's deposition prior to filing this motion; Plaintiff's counsel emailed defense counsel to schedule a deposition with Riley, but there is no evidence that she tried to schedule a deposition of Campbell. (Doc. 114 Ex. 6 at 1.) Furthermore, when Plaintiff's counsel contacted defense counsel regarding a deposition of Riley, defense counsel reminded her for a second time that Riley could not be located and that CCA would not call her as a witness if she could not be found. (Doc. 110 at 7 n.6.)

As for the two expert witnesses, the deadline for Defendants to disclose expert witnesses was May 11, 2012. (Doc. 55.) There is no reason to believe that Drs. Thomas and Pandya were

not disclosed at that time. When defense counsel informed Plaintiff's counsel of the experts' limited availability—Dr. Thomas was out of country until May 7, 2013, and Dr. Pandya would be unavailable between April 19 to April 28, 2013—Plaintiff's counsel immediately responded that Dr. Thomas must be struck. (Doc. 114 Ex. 5.) Defense counsel replied several hours later indicating that she found a date that was available for Dr. Thomas' deposition. (Doc. 115 Ex. 3 at 3.) Several days after this exchange, on March 19, 2013, defense counsel sent Plaintiff's counsel a list of dates for confirmed depositions that included a specific date for Dr. Thomas's deposition. (Doc. 114 Ex. 4.) This email also noted that Plaintiff's counsel had yet to set a date for Dr. Pandya's deposition. (Doc. 114 Ex. 4.) However, Plaintiff's counsel never confirmed a date for Dr. Thomas's deposition nor did she schedule a deposition with Dr. Pandya. (Doc. 110 at 8.) Hart's motion and reply brief do not explain why a date was never set, except to mention that Plaintiff's counsel will be in trial at the end of April. More importantly, Hart proffers no explanation as to why he waited until March 2013 to attempt to schedule these depositions when the experts were disclosed in May 2012.

Hart's final deposition request was to depose an individual under Federal Rule of Civil Procedure 30(b)(6), but Defendants argue that Hart failed to provide the proper notice despite Defendants' request. (Doc. 110 at 7.) Hart's reply counters that he did respond with the proper information in an email but that CCA never proposed a deposition date. (Doc. 114 at 4.) Whether or not a proper notice was given, and it is not clear that it was, this discovery request suffers from the same defect as the others. Nowhere does Hart explain why this request was made so late and why he could not have tried to schedule this deposition any sooner.

In addition to addressing Hart's untimely requests for depositions, Defendants also argue that they will be prejudiced by any extension because Hart failed to move to vacate and reset the

6

trial and that they plan on filing two motions. (Doc. 110 at 9-10.) They also criticize the request for an additional forty-five days to conduct general discovery, as opposed to a limited period specifically for depositions, as an attempt to conduct more written discovery. (*Id*. at 10.)

Having considered the timing and nature of the specific discovery requests, I turn to the factors enumerated in *Smith, see* 834 F.2d at 169, to determine whether an extension of discovery is warranted. Overall, I find that a majority of the factors weigh against a seventh extension of time. First, there is a trial date, and any extension of time will invariably require postponing the trial so that Judge Armijo will have adequate time to rule on Defendants' motion for summary judgment and *Daubert* motion. While the trial is not imminent, it is close, and a forty-five day extension will necessitate resetting the trial. Moving to the second factor, the request is opposed. The fourth and fifth factors, whether Hart has been diligent and whether the need for the discovery was foreseeable, presents the greatest obstacle to Hart. While I understand that the parties encountered some difficulty procuring documents from the BOP, CDC, and some treating physicians, this problem was resolved in April 2012.[2] (Doc. 59.) Shortly thereafter, Defendants disclosed their expert witnesses in May 2012 (Doc. 55; Doc. 62.) It is unclear why Hart waited until mid-March 2013 to notice depositions for Defendants' experts and other fact witnesses when he had known about them for almost a year. Hart's motion and reply brief offer no explanation or excuse for this delay. Without further information, I must reject Hart's contention that he was diligent in conducting discovery because the timing of his requests indicates the opposite.

---

[2] Hart's reply also makes a brief reference to pending Freedom of Information Act ("FOIA") appeals. (Doc. 114 at 6.) This is the first and only mention of the fact that Hart has not received all necessary BOP documents. However, since Hart does not elaborate on the nature of this information, I do not know whether these outstanding documents have in any way impacted his ability to conduct discovery by taking depositions. Since Hart has not made this argument, I will presume that the FOIA requests were not necessary.

7

The third and sixth factors weigh in Hart's favor. The third factor is to consider whether an extension would prejudice the Defendants. I do not believe that Hart's failure to request a change to the trial date prejudices Defendants, since this date could also be moved to accommodate consideration of Defendants' motions. As for the sixth factor, the discovery will likely lead to relevant evidence. The depositions of Defendants' experts seems particularly important.

Ultimately I am left to weight the reality of Hart's need for additional discovery with his inability to timely and responsibly manage his case. While the Court has been lenient and willing to grant extensions of time in the past, surely there is a point where discovery must end. This case has been pending more than two years. This is not overly complex litigation. There are a limited number of parties and issues. While there has been difficulty obtaining federal records, that difficulty was resolved almost a year ago. Since Hart has given me no reason to believe that he diligently sought discovery before this March, I deny his motion.

## CONCLUSION

I agree with Defendants that Hart has failed to show good cause why I should grant a seventh motion for an extension of time to complete discovery. Accordingly, I deny Hart's motion. Discovery will terminate on April 25, 2013.[3]

IT IS SO ORDERED.

_William P. Lynch_
William P. Lynch
United States Magistrate Judge

---

[3] If Hart requests that the trial date be vacated and reset, and Judge Armijo agrees, I would be inclined to grant Hart's motion.