IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**F. MICHAEL HART, ESQ.,** Guardian ad Litem
For **JOSE JARAMILLO,** an incapacitated person,

      Plaintiff,

   vs.                                  No. 2:11-CV-00267 MCA/WPL

**CORRECTIONS CORPORATION OF AMERICA,**
a foreign corporation, **CIBOLA COUNTRY
CORRECTIONAL CENTER, WALT WELLS,
WARDEN,** and **RODDIE RUSHING, WARDEN**,

      Defendants.

## ORDER

**THIS MATTER** comes before the Court on *Defendants' Motion to Exclude Opinions of Harold Bialsky* [Doc. 127], filed May 5, 2013. The Court heard oral argument from the parties at the September 3, 2013, pretrial conference. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court denies Defendants' Motion and finds that, with the proper foundation, Dr. Bialsky is permitted to testify.

**BACKGROUND**

Plaintiff offers Dr. Bialsky as a cost of care expert to testify regarding the anticipated costs associated with Mr. Jaramillo's ongoing rehabilitation and lifelong disability. [Doc. 134 at 7] With this Motion, Defendants are seeking to exclude Dr. Bialsky

1

from providing testimony regarding Mr. Jaramillo's life expectancy, cost of care assessments, and potential future complications and hospitalizations.

## I.     STANDARD

Federal Rule of Evidence 702 imposes a special gatekeeping obligation on this Court to ensure that expert testimony is not admitted at trial unless it is both relevant and reliable.  See Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 141 (1999); Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 592-93 (1993). The relevance of such testimony must be weighed against the danger of unfair prejudice, confusion of the issues, or misleading the jury as well as considerations of undue delay, waste of time, or needless presentation of cumulative evidence.  See Fed. R. Evid. 403.  While the Court is not required to consider any particular set of factors or utilize a particular procedure in making such determinations with respect to expert testimony, the Court must make some kind of determination on the record in order to demonstrate that it has performed its gatekeeping function.  See United States v. Velarde, 214 F.3d 1204, 1209 (10th Cir. 2000); Goebel v. Denver and Rio Grande Western R. Co., 346 F.3d 987, 991-92 (10th Cir. 2003).

Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;

>  (c) the testimony is the product of reliable principles and methods; and
>
>  (d) the expert has reliably applied the principles and methods to the facts of the case.

Id. The first requirement of this rule is that the expert's specialized knowledge must "help the trier of fact understand the evidence" or "determine a fact in issue." Id. "Rule 702 thus dictates a common-sense inquiry of whether a juror would be able to understand the evidence without specialized knowledge concerning the subject." United States v. Muldrow, 19 F.3d 1332, 1338 (10th Cir. 1994).

Rule 702 requires that expert opinions, to be admissible in federal court, must have not only a reliable methodology but also a sufficient factual basis and a reliable application of the methodology to the facts. See Johnson v. Manitowoc Boom Trucks, Inc., 484 F.3d 426, 429 (6th Cir. 2007); United States v. Mamah, 332 F.3d 475, 477-78 (7th Cir. 2003). A "sufficient factual basis" under Fed. R. Evid. 702 does not necessarily require the facts or data upon which an expert bases his or her opinion to be independently admissible, so long as they are of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject. Fed. R. Evid. 703.

The Federal Rules of Evidence require that, in order to yield an admissible opinion, expert witnesses must first apply a reliable methodology to the facts or data they have considered. Factors to be considered in assessing the reliability of an expert opinion include, but are not limited to: "(1) whether the opinion has been subjected to testing or is susceptible of such testing; (2) whether the opinion has been subjected to publication and

3

peer review; (3) whether the methodology used has standards controlling its use and known rate of error; (4) whether the theory has been accepted in the scientific community." Truck Ins. Exch. v. MagneTek, Inc., 360 F.3d 1206, 1210 (10th Cir. 2004) (citing Daubert, 509 U.S. at 590). This list is neither exhaustive nor applicable in every case, as ultimately the purpose of the reliability requirement is to "make certain an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the field." Kumho Tire Co., 526 U.S. at 152.

Even where a witness is qualified as an expert and has both a sufficient factual basis and a reliable methodology, the Court's inquiry is not yet at an end. The Court also must determine whether or to what extent the witness reliably applied that methodology to the facts at issue in the present case and whether or to what extent the resulting opinions will assist the trier of fact. Our Circuit has interpreted Rule 702 as requiring "a common-sense inquiry of whether a juror would be able to understand the evidence without specialized knowledge concerning the subject." Muldrow, 19 F.3d at 1338. So long as these criteria are satisfied, an expert may testify and provide "brief, crisp answers to the . . . questions" about these "discrete topics" which are "beyond the ken of the average juror." United States v. Tapia-Ortiz, 23 F.3d 738, 740-41 (2d Cir. 1994).

## II. DISCUSSION

Defendants seek to exclude the opinions of Plaintiff's cost-of-care expert, Dr. Bialsky. Generally, Defendants assert that Dr. Bialsky is not qualified to render an

4

opinion regarding Mr. Jaramillo's life expectancy, the cost of his care, or his potential future complications or hospitalizations. [Doc. 127] Specifically, Defendants object to Dr. Bialsky's cost-of-care assessment opinion insofar as his opinion was based on a spreadsheet provided by Plaintiff's law office and not actual medical records. [Doc. 149 at 3] Further, Defendants object to Dr. Bialsky making projections on the future medications, physician treatment, equipment, and potential medical complications and costs without consulting a medical doctor as well as his reliance on the US Vital Statistics Data in projecting Mr. Jaramillo's life expectancy. [Id.]   Lastly, Defendants take issue with Dr. Bialsky's opinion regarding the costs of any future hospitalizations that Mr. Jaramillo may incur.

Plaintiff contends that Dr. Bialsky is qualified based on his knowledge, skill, experience, training, and education to render opinions regarding the anticipated costs associated with Mr. Jaramillo's ongoing rehabilitation and lifelong disability. [Doc. 134 at 4, 7]   Plaintiff further contends that the methodology utilized by Dr. Bialsky in reaching his opinions was sound as he not only relied on available treatment information from the facility where Mr. Jaramillo resides but contacted other facilities regarding what they would charge for caring for a patient in a similar situation as Mr. Jaramillo. [Doc. 134 at 10, 13]

Dr. Bialsky is a doctor of chiropractics, with a masters degree in vocational rehabilitation. [Doc. 134-3]   He is a member of the International Association of Rehabilitation Professionals, the International Academy of Life Care Planners, and the

Brain Injury Associations of New York and New Jersey. [Doc. 134-3 at 3] He is also a Certified Life Care Planner, a Certified Rehabilitation Counselor, and a Certified Brain Injury Specialist. [Id.] He has been providing expert witness testimony since 1996, and until 2007, he was dividing his time between serving as an expert witness and providing vocational rehabilitation services. [Doc. 134 at 6] He has been qualified as an expert by numerous state and federal courts. [Doc. 134 at 6]

The Court has reviewed the parties' pleadings, the provided excerpts of Dr. Bialsky's deposition and expert report, and finds that based on Dr. Bialsky's training and experience, he is qualified to testify regarding costs associated with the ongoing rehabilitation and care of Mr. Jaramillo. The Defendants' challenges to Dr. Bialsky's opinions appear to go to their weight and not their admissibility. Therefore, the Court concludes that, with the proper foundation, Dr. Bialsky shall be permitted to testify.

**IT IS, THEREFORE, ORDERED** that *Defendants' Motion to Exclude Opinions of Harold Bialsky* [Doc. 127] is **DENIED**.

**SO ORDERED** this 6th day of May, 2014, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
Chief United States District Judge